UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FABIO CONCEPCION | CIVIL ACTION |
| VERSUS | NO. 18-65 |
| BP EXPLORATION<br>& PRODUCTION, INC. ET AL. | SECTION "J" (2) |

* * * * * * * * *

| | |
|---|---|
| MICKEY JOSEPH THIBODAUX | CIVIL ACTION |
| VERSUS | NO. 18-66 |
| BP EXPLORATION<br>& PRODUCTION, INC. ET AL. | SECTION "J" (2) |

Related to:   12-968 BELO
              in MDL 10-2179

## REPORT AND RECOMMENDATION

Fabio Concepcion and Mickey Joseph Thibodaux, plaintiffs in these two cases, were employed as clean-up workers along the Louisiana Gulf coast, where they both also lived, after the BP/Deepwater Horizon explosion and oil spill on April 20, 2010. Complaint, Record Doc. No. 1 in Civil Action Nos. 18-65 and 18-66. Both plaintiffs, who are represented by the same counsel, filed their respective complaints pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179. As members of the BELO settlement class,

plaintiffs seek compensatory damages and related costs for later-manifested physical conditions that they allegedly suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1 at ¶¶ 18-28 in C.A. Nos. 18-65 and 18-66.

Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), filed identical motions to dismiss each plaintiff's complaint. Record Doc. No. 4 in C.A. Nos. 18-65 and 18-66. BP argues that each plaintiff failed properly to file his individual BELO lawsuit by the Medical Settlement Agreement's filing deadline and that the complaints should be dismissed with prejudice as time-barred.

Plaintiffs filed untimely opposition memoranda without seeking leave of court. Record Doc. No. 6 in C.A. Nos. 18-65 and 18-66. Nonetheless, the court has considered their memoranda.

Plaintiffs admittedly did not file their separate, individual BELO lawsuits until after the Medical Settlement Agreement's deadline had passed. However, they timely, but erroneously, filed their complaints in the multi-district litigation, instead of filing separate lawsuits as the court ordered in its Case Management Order ("CMO") entered in the multi-district litigation on January 30, 2015. Record Doc. No. 14099 at §§ I(2), VI(3) in 10-md-2179; Record Doc. No. 3 in C.A. Nos. 18-65 and 18-66; see also Preliminary Order Controlling BELO Lawsuits entered on December 8, 2014, Record Doc. No. 13787 at p. 1 ("Each lawsuit must be initiated by a complaint with a caption in the form attached to this

order . . . . ;" "No BELO Lawsuit may be filed as a class, mass, or aggregate action."). Plaintiffs' counsel assert that they were not aware of the CMO and that the Clerk of Court did not advise them of their mistake when they filed their complaints in the multi-district litigation. They argue that their error should be excused because BP was not prejudiced by their late filing of identical, individual complaints that had been timely filed in the multi-district litigation. Plaintiffs contend that dismissal of their complaints with prejudice is too severe a sanction for their technical delay.

Having considered the motions, the complaints, the record and the applicable law, I recommend that BP's motions to dismiss be DENIED for the following reasons.

## **ANALYSIS**

The Medical Settlement Agreement is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. Record Doc. No. 6427-1 at § XXX(C) IN 10-md-2179. The BELO lawsuit process is the exclusive remedy for class members who seek compensation for Later-Manifested Physical Conditions, as defined in the agreement. Id. at § II(VV).

As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator"), who must transmit the notice to BP within ten days. BP then has 30 days to decide whether to mediate the claim. If, as in the two instant cases, BP chooses

not to mediate, the claimant must file his BELO lawsuit within six months of being notified by the Claims Administrator of BP's election not to mediate. Id. at §§ VIII(A), (C)(1), (C)(2), (G)(1)(b).

Plaintiffs admit that the Claims Administrator notified them on May 9, 2017 that BP had declined mediation, which made their deadline to file a complaint six months later, on November 9, 2017. Complaints, Record Doc. No. 1 at ¶ 24, and opposition memoranda, Record Doc. No. 6 at p. 1, in C.A. Nos. 18-65 and 18-66. They also admit that they did not file their separate lawsuits until January 2, 2018, although they filed the same complaints in the multi-district litigation on November 6, 2017, three days before the deadline.

The CMO permits the parties to move to dismiss an individual BELO complaint without prejudice for failure to complete the conditions precedent to filing a lawsuit. Record Doc. No. 3, CMO at § IV(1)(A). BP argues that the instant actions should be dismissed with prejudice because plaintiffs' untimely filing of their separate lawsuits cannot be cured by amending the complaints or granting them additional time to comply with the conditions precedent. Plaintiffs respond that they were not aware of the CMO's requirement to file separate lawsuits, that the Clerk did not advise them of their mistake when they filed their complaints in the multi-district litigation, and that their good faith attempt to comply with the Medical Settlement Agreement's deadline is evident from their incorrect filings three days before the deadline.

BP relies on the multi-district litigation docket record, on which the Clerk marked plaintiffs' complaints as filed in error on November 6, 2107. Record Doc. Nos. 23627, 23628, 23639, 23640 in C.A. 10-md-2179; Defendant's Exh. A, Record Doc. No. 4-4 in C.A. Nos. 18-65 and 18-66. The Clerk made text entries on the docket that the complaints should be re-filed as individual lawsuits and that, when re-filing, counsel should select the option that the filing fee had been previously paid. Plaintiffs allege that they did <u>not</u> receive any notice from the Clerk that their filings were erroneous, but received only acknowledgments that the filing fees had been paid. Plaintiffs' Exh. A to their opposition memoranda, Record Doc. No. 6-2 in CA. 18-65 and 18-66. They assert that they promptly re-filed their individual lawsuits once they learned that they must do so.

My review of the docket in the multi-district litigation and my discussion with the Clerk confirms that the Clerk's docket entries Nos. 23627, 23628, 23639 and 23640 were electronically sent to counsel for BP and to class counsel on November 6, 2017, but were <u>not</u> transmitted to plaintiffs' attorneys. Certainly, plaintiffs' attorneys are charged with knowledge of the CMO in that public record and of its requirement that they file separate lawsuits. In addition, it appears that they knew of that requirement from another individual BELO case that they filed separately in August 2017. <u>See</u> <u>Melvin Banegas v. BP Exploration & Production Inc. et al.</u>, C.A. No. 17-7429-R, and the CMO filed in that case at Record Doc. No. 4.

5

However, plaintiffs' attorneys obviously attempted to comply with the deadline and received the court's acknowledgment that they had paid the filing fees, but did not receive notice from the Clerk of their initial erroneous filings of the two instant lawsuits. Had the Clerk notified them of their errors on November 6, 2017, as the docket entries purport to do, they would have had ample time to file separate lawsuits before November 9, 2017. The motion of plaintiffs' counsel on December 19, 2017 to consolidate the Banegas suit with those of Concepcion and Thibodaux, Record Doc. No. 23779 in 10-md-2179, bolsters their contention that they thought they had validly filed Concepcion's and Thibodaux's complaints and that they were not aware of their error until December 21, 2017, when Judge Barbier denied the motion and reiterated the court's prior order that "[n]o BELO Lawsuit may be filed as a class, mass, or aggregate action." Record Doc. No. 23785 at p. 1 in 10-md-2179 (quotation omitted).

Unlike plaintiffs' counsel, BP's counsel was notified by the Clerk that plaintiffs' complaints had been erroneously filed in the multi-district litigation. BP has not identified any particular prejudice to it by the delay in the filing of plaintiffs' individual lawsuits. In these circumstances, Concepcion and Thibodaux should not suffer a dismissal with prejudice because of their attorneys' mistakes.

## **RECOMMENDATION**

For all the forgoing reasons, it is **RECOMMENDED** that defendant's motion be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___23rd___ day of February, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.